UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KATHERYN KASEMAN, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 03-1858 (ESH) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Upon consideration of plaintiffs' Motion to Enforce Judgment and defendants' opposition thereto, it is hereby

**ORDERED** that plaintiffs' motion [# 65] is **DENIED**. The Court's January 6, 2005 Memorandum Opinion, No. 03-1858, 2005 WL 40047 ("January Memorandum Opinion"), constitutes a money judgment, and defendants' appeal thereof automatically stays enforcement of the underlying Court Order requiring payment of $90,926.83. *See* Order, No. 03-1858 (D.D.C. Aug. 2, 2004) ("August Order"). *See also Hoban v. WMATA*, 841 F.2d 1157, 1158-59 (D.C. Cir. 1988); Fed. R. Civ. P. 62(d), (f).

As explained in the January Memorandum Opinion, defendants' ability to pay attorney's fees to a prevailing plainitff is circumscribed by various D.C. Appropriations Acts. 2005 WL 40047, at *2. This Circuit has acknowledged the "potential incongruity of courts' awarding fees that [the D.C. Appropriations Act] prohibits the District from paying," *Calloway v. District of*

*Columbia*, 216 F.3d 1, 10 (D.C. Cir. 2000), and the August Order could conceivably have been understood as such a potentially incongruous award that, as in *Calloway*, the Court has authority to order, but the District may lack authority to pay. *See id.* at 12. The January Memorandum Opinion made clear that defendants did not know whether they could, consistent with the Appropriations Acts, "lawfully pay the sums previously ordered by the Court." *Id.* at *2 n.2. The Court exercised its discretion to reach the merits of this issue of first impression, for otherwise, defendants would have been placed in the untenable position of having to decide between defying this Court's Order or, in their view, violating an Act of Congress. *Id.* Moreover, had the Court agreed with defendants' arguments, the August Order may well have been revised pursuant to Fed. R. Civ. P. 60(b). *See id.* Thus, although the Court did not ultimately adopt defendants' legal position, the January Memorandum Opinion is properly understood as part and parcel of the August Order, because it was necessary in order to clarify whether the Order was immediately payable.

As such, the January Memorandum Opinion involved a money judgment. It resolved whether the $90,926.83 was an unpayable award under *Calloway* or exempt from the cap covering the prior administrative proceedings. The application of the automatic stay applicable under Fed. R. Civ. P. 62, *see Hoban*, 841 F.2d at 1158-59, depends on "whether the judgment involved is monetary or nonmonetary." *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992). Automatic stays are not to be applied too narrowly and their application should not turn on a mere technicality. *See id.* (holding that a declaratory judgment clarifying an insurer's monetary liability was a money judgment); *Cleveland Hair Clinic, Inc. v. Puig*, 104 F.3d 123,

125 (7th Cir. 1997) (allowing stay of an order requiring payment of money, even where no "final judgment" had yet been rendered).

Indeed, the reason for *not* allowing an automatic stay does not apply here. As a general matter, defendants' entitlement to an automatic stay depends on whether a nongovernmental defendant in the same position would have to post a supersedeas bond, *see Hoban*, 841 F.2d at 1159; Fed. R. Civ. P. 62(d), and such bonds may not be posted where nonmonetary judgments are concerned, for they "may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment." *See Hebert*, 953 F.2d at 938. Here, the January Memorandum Opinion does not grant an injunction or some other form of equitable relief. Rather, it is unquestionably a monetary judgment requiring payment of $90,926.83. If defendants were nongovernmental, they would have to post a bond, which would "ensure[] that the prevailing party will recover in full, if the decision should be affirmed." *Cleveland Hair Clinic*, 104 F.3d at 125. Because defendants are, however, the District of Columbia and an officer thereof, they are entitled to an automatic stay without posting a supersedeas bond.[1] *See* D.C. Superior Court Rule 62(e); *Hoban*, 841 F.2d at 1159.

---

[1] Plaintiffs argue that defendants are not entitled to an automatic stay pursuant to D.C. Superior Court Rule 62(e), because it is "unclear" whether they are "an agency" of the District of Columbia. In fact, defendants here are the District of Columbia and Paul Vance, in his official capacity as the Superintendant of the District of Columbia Public Schools. Both defendants fall squarely within the bounds of Rule 62(e). Thus, plaintiffs' argument is without merit.

Plaintiffs also argue that defendants are not entitled to an automatic stay because they never moved to stay the execution of the judgment pursuant to Fed. R. App. P. 8(a)(1). Regardless of whether defendants' purported failure to comply with this rule might have some effect on their appeal, it has no bearing here. This Court is not governed by the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 1(a)(1) ("These rules govern procedure in the United States courts of appeals.").

Accordingly, it is further **ORDERED** that enforcement of the August 2, 2004 Order [#46] is automatically **STAYED** pending resolution of defendants' appeal of the January 6, 2005 Memorandum Opinion [#61].  *See* Fed. R. Civ. P. 62(d), (f).

**SO ORDERED**.

                                                  s/
                              ELLEN SEGAL HUVELLE
                              United States District Judge

Date:  March 11, 2005